UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:16 CR 197** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **MICHAEL A. MASSEY,** | ) | |
| | ) | |
| Defendant. | ) | |

On January 23, 2017, Defendant Michael A. Massey, who is represented by counsel and who has been charged with being a felon in possession of firearm/ammunition and possession with intent to distribute marijuana, filed a motion to allow him to exercise his right to proceed *pro se* and to compel the Government to provide full discovery since his first request had not been honored. (**Doc #: 19**.) The Court held a hearing on the motion on January 30, 2017. For the following reasons, the Court denied the motion to proceed *pro se* and granted the motion to compel discovery.

**I.**

The Sixth Amendment guarantees criminal defendants the right to have the assistance of counsel for his defense. *Glass v. Pineda*, 635 Fed.Appx. 207, 213 (6th Cir. 2015) (citing U.S. CONST. amend. VI). This right encompasses the right to self-representation. *Id*. (citing *Faretta*

*v. California*, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). "Although a defendant has the right to self-representation, the act of exercising that right is, by definition, an intentional relinquishment of the right to assistance of counsel. *Id*. (citing *King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006). Thus, "a defendant's decision to represent himself–and thereby waive counsel–must be knowingly and voluntarily made." *Id*. at 213-14 (quoting *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (en banc), *cert. denied*, —U.S.—, 137 S.Ct. 593, 193 L.Ed.2d 470 (2015)). Importantly, courts indulge every reasonable presumption *against* waiver of fundamental constitutional rights, and do not presume acquiescence in the loss of fundamental rights. *Id*. at 214 (citation to numerous cases omitted).

A criminal defendant seeking to represent himself should be made aware of the dangers and disadvantages of self-representation, so that the record will establish he knows what he is doing and his choice is made with open eyes. *Glass*, 635 Fed.Appx. at 214 (citations omitted). "This includes the need to establish that the defendant understands 'the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *Id*. (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed.2d 309 (1948)). "[N]o degree of legal knowledge is required to assert the right, so long as the defendant appreciates what he is forgoing." *Id*. (quoting *United States v. McDowell*, 814 F.2d 245, 250 (6th Cir. 1987)).

"To determine whether the appropriate awareness exists, "a judge must investigate as long and as thoroughly as the circumstances of the case before him demand.'" *Id*. (quoting *Von Moltke*, 332 U.S. at 723-24). Since the proper inquiry is whether the defendant's waiver was

knowing and voluntary, the important thing is what the defendant understood, not what the court said or understood. *Id*.

The Sixth Circuit has mandated a formal inquiry that federal district judges must undertake to determine whether a waiver is proper. *United States v. Pryor*, 842 F.3d 441, 449 (6th Cir. 2016) (citing *McDowell*, 814 F.2d at 249-50). "Where a request to self-represent is clear, unequivocal, and timely, the court 'must ask the defendant a series of questions drawn from, or substantially similar to, the model inquiry set forth in the Bench Book for United States District Judges.'" *Id*. (quoting *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004)).

## II.

The Court engaged in the colloquy set forth on pages 6-7 of the Benchbook, Sixth Edition, March 2013. The Court determined that Massey had no legal training, nor had he represented himself previously. The Court also determined that Massey was unfamiliar with the Federal Rules of Evidence or the Federal Rules of Criminal Procedure. The Court told Massey that it could not advise Massey on how to try the case, and it could not relax the Rules because he was representing himself. When the Court inquired whether Massey understood the charges against him, it became clear that Massey, who admitted to officers that he possessed the marijuana, intended to file a motion to dismiss the felon-in-possession charge based on "duplicitousness." The indictment charged Massey with being a felon in possession of a firearm and ammunition. It is undisputed that Massey cannot be convicted of the federal crime of being a felon in possession of a firearm because the firearm did not travel in interstate commerce. However, it is also undisputed that the ammunition did travel in interstate commerce. Massey did not appear to understand that an indictment can charge a defendant in the conjunctive but that

a defendant can be convicted in the disjunctive. In other words, he can be convicted of being a felon in possession of the ammunition alone. Furthermore, when the Court asked Massey if he knew anything about how a jury is selected, Massey said that he would file a motion for a bench trial. It became clear that Massey did not know that the Government had an independent right to a jury trial and if the Government decided to exercise that right, the case would be tried to a jury. Most importantly, when the Court asked Massey if he understood how the process of picking a jury works, Massey responded, "The reason why I'm not well versed in these things is I honestly do not believe that my case will even get to that point. If it does get to that point, then at that point I believe I will hire my own counsel, Your Honor, if it got to the point where I was overwhelmed." Massey indicated that, if the case were to go to trial, he would seek representation from family members or a lawyer who is a family friend that had previously represented him in a state case. Thus, it became evident that Massey was acknowledging that if he could not get the indictment dismissed, he was going to need a lawyer. The Court reminded Massey that Massey had stated that he did not have the money to hire a lawyer, which is why the Court protected his right to counsel and that, to date, two qualified lawyers had been appointed to represent him. However, the Court noted that if Massey had the funds to hire a lawyer, he had the right to retain his own counsel. Accordingly, the Court **denied** the motion to proceed *pro se*.

### III.

At the same time, it became clear that because of technical problems Massey had only able to review two of the five discs that the Government produced, and the Government noted that it had a sixth dash cam disc for him to review. Accordingly, the Court directed counsel to ensure that Massey obtains copies of all the discs and that he is able to actually review all of

them.  Accordingly, the Court **granted** the motion to provide full discovery and scheduled a new pretrial hearing and change-of-plea deadline beginning at 1:00 p.m. on February 24, 2017.

    **IT IS SO ORDERED.**

                                               */s/ Dan A. Polster     February 1, 2017*
                                               **Dan Aaron Polster**
                                               **United States District Judge**